Per Curiam.
Twb errors aré assigned in this case. 1. That it does not appear there was any consideration for the defendant’s bond, on which judgment was entered by warrant of attorney. 2. That the execution issued irregularly, because the damages had not been assessed on a writ of inquiry.
1. There is nothing in the first exception. Every bond .imports in itself a sufficient consideration, though none is mentioned. But if it was really given on an illegal consideration, the obligor may plead the special matter, and thus avoid the bond. All that appears on this record, is, that the bond was given by the defendant. No consideration is mentioned, nor is there any thing to show that there was an illegal consideration; therefore it is good.
2. This is not a case in which a writ of inquiry was necessary. The judgment was entered by warrant of attorney, for the penalty of the bond. All that we know of the condition, is, from the declaration, which sets forth that Peter Grubb, the defendant, bound himself to the plaintiff in the sum of eight hundred and twenty-four dollars, conditioned for the payment of four hundred and twelve dollars, bj? John Grubb, together with the interest and costs which should accrue thereon, on or before the 1st day of April 1821. And it is then averred, that John Grubb did not pay the said sum of money on or before the day appointed as aforesaid, so that the defendant became liable to pay to the plaintiff the aforesaid penalty of eight hundred and twenty-four dollars, &c. Here was nothing to be inquired of by a jury — the plaintiff claimed nothing but the sum of four hundred and twelve dollars mentioned in the condition, with interest; and execution was taken out for no more than the principal and interest, with the costs of suit. If is the opinion of the court, that there is no error in the record, and therefore the judgment should he affirmed.
Judgment affirmed.'